IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT HATHORN, JR.                                                                                    PLAINTIFF

V.                                                                           CIVIL ACTION NO. 1:17-CV-215-SA-DAS

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY, INC.,
JOHN WRIGHT, and STUART EVAN GRIFFIN                                                  DEFENDANTS

ORDER AND MEMORANDUM OPINION

Robert Hathorn Jr. originally filed his Complaint [2] in the Circuit Court of Winston County, Mississippi on November 28, 2017. Defendant Kansas City Southern Railway Company, Inc. removed the case to this Court on December 22, 2017. The Plaintiff's Complaint asserts a number of claims. Now before the Court is Defendant Stuart Griffin's Motion for Summary Judgment [9] on some of the Plaintiff's claims.[1] Kansas City Southern joined in the pending motion. *See* Joinder [11, 12]. Specifically, these Defendants now seek dismissal of the Plaintiff's claims for intentional infliction of emotional distress, abuse of process, and malicious prosecution.

*Preliminary Matters – Filing Deadlines*

The Plaintiff failed to respond to the pending Motion for Summary Judgment within the deadlines imposed by the Local Rules. *See* L. U. Civ R. 7(b). Instead, the Plaintiff filed a Response [13] and Brief [14] outside the deadlines, without leave from the Court. Even after the Defendants raised the issue of the late filing in their summary judgment briefing, the Plaintiff failed to offer

---

[1] The Motion is styled as a "Motion to Dismiss, or in the alternative, Motion for Summary Judgment". Because the Parties presented matters outside the pleadings and have been given the opportunity to present all pertinent material, the Court will treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12 (d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

any explanation for the late filing, or to request any form of relief from the deadlines. The Court notes that this is not the first time Plaintiff's counsel has failed to meet dispositive motion deadlines and failed to provide any excuse for doing so. These repeated failures by Plaintiff's counsel place the Court in a difficult position. On one hand the Court must enforce its own rules, and the deadlines imposed by the rules are not optional. *See Blackard v. City of Southaven*, No. 2:11-CV-6-NBB, 2012 WL 827192, at *3 (N.D. Miss. Mar. 9, 2012). On the other hand, Rule 56 makes it clear that there is "no summary judgment by default" and even a complete lack of a response by the Plaintiff does not alter the Court's summary judgment inquiry. *See* FED. R. CIV. P. 56; *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015); *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

Given the complete lack of explanation for the late filing, the Court strikes the Plaintiff's response and brief. The Court also puts Plaintiff's counsel on notice that further violations of the Local Rules will result in sanctions. *See* L. U. CIV R. Preamble. The Court has nevertheless conducted an independent review of the record and will analyze all of the relevant evidence and argument under the applicable standard of review.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Factual and Procedural Background*

On September 25, 2015 the Plaintiff was injured while attempting to cross the rail line in Louisville, Mississippi. The Plaintiff's foot was caught in the coupling mechanism between two railcars. The crossing and the train were owned by Defendant Kansas City Southern. Defendant Griffin is a Claim Agent for Kansas City Southern and took the Plaintiff's recorded statement some time after the incident. Defendant Wright was the train's conductor.

Kansas City Southern initiated a criminal trespass case against the Plaintiff in the Louisville Municipal Court on October 5, 2015. The Plaintiff was arrested and released on bond on March 11, 2016, and his case was set for trial on May 10, 2016. The Plaintiff failed to appear for his trial, but the Municipal Court was able to contact him by telephone. The Municipal Court records indicate that "Defendant entered a plea of guilty" to Willful Trespassing MISS. CODE ANN. § 97-17-87 and,

> On May 10, 2016, the Defendant did not appear in Court. I spoke
> with him by phone May 12, 2016 to make sure he was not in jail or

3

> hospital and he advised he had changed his mind to [sic] and wanted
> cash bond to be used as payment of fine.

On August 15, 2017, at the Plaintiff's request, the Louisville Municipal Court entered an agreed order expunging the Plaintiff's criminal record relevant to this incident. The Court notes that the Plaintiff was nineteen years old at the time of the incident, and reached the age of twenty-one, the legal age of majority in Mississippi, on February 2, 2016. *See* MISS. CODE ANN. § 15-1-59.

*Discussion and Analysis*

The Defendants argue that the Plaintiff's intentional infliction of emotion distress, abuse of process, and malicious prosecution claims are governed by the one-year statute of limitations codified in MISS. CODE ANN. §15-1-35. The Court agrees. *See Jones v. Fluor Daniel Services Corp.*, 32 So. 3d 417 (Miss. 2010); *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990); *Jackpot Mississippi Riverboat, Inc. v. Smith*, 874 So. 2d 959 (Miss. 2004) (overruled on other grounds by, *Knight v. Knight*, 85 So. 3d 832 (Miss. 2012)); *see also* 6 MS Prac. Encyclopedia MS Law §§ 55A:13, 20, 35.

The Plaintiff concedes that his intentional infliction of emotional distress claim is time-barred by the statute of limitations, and as such, this claim is dismissed with prejudice.

Under Mississippi law, an abuse of process claim accrues on the date of the alleged improper use of process. *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 841 (S.D. Miss. 2011); *Sullivan v. Boyd Tunica, Inc.*, No. CIV A 2:6-CV-16-B, 2007 WL 541619, at *3 (N.D. Miss. Feb. 16, 2007). In this case, that is October 5, 2015, the date that Kansas City Southern initiated criminal proceedings against the Plaintiff. *See id*. However, because the Plaintiff was only twenty years old in October of 2015, the statute of limitations was tolled until he reached the age of majority on February 2, 2016. MISS. CODE ANN. §15-1-59. Given this timeline, the Plaintiff's complaint, filed on November 28, 2017, was filed well outside the one-year statute of

limitations. *See* MISS. CODE ANN. §15-1-35; *Johnson*, 562 So. 2d at 1218. The Court finds that the Plaintiff's claim for abuse of process is time-barred by the applicable statute of limitations and is therefore dismissed with prejudice.

The Defendants argue that the Plaintiff's malicious prosecution claim must be dismissed because he cannot demonstrate an essential element of his claim, that the criminal proceedings instituted by the Defendants terminated in his favor. To establish a claim for malicious prosecution under Mississippi law, a plaintiff must demonstrate, among other things, "termination of the proceedings in the plaintiff's favor." *Gatheright v. Barbour*, No. 3:16-CV-3-GHD, 2017 WL 549110, at *14 (N.D. Miss. Feb. 7, 2017), *aff'd,* 706 F. App'x 193 (5th Cir. 2017) (citing *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 693 (5th Cir. 2010)). A cause of action for malicious prosecution accrues and the statute of limitations begins to run as soon as there is a termination of the challenged proceedings in the plaintiff's favor. *Joiner Ins. Agency, Inc. v. Principal Cas. Ins. Co.*, 684 So. 2d 1242, 1244 (Miss. 1996).

The question in this case is whether the Plaintiff's expungement, effective on August 15, 2017, qualifies as a termination of the proceedings in his favor. The parameters of what qualifies as a termination in a plaintiff's favor has been addressed in numerous cases in the Mississippi Courts and in this Court. For example, the failure of a grand jury to return an indictment, an abandoned prosecution, a withdrawn criminal affidavit, and the entry of a *nolle prosequi* order have all been found to be terminations in a plaintiff's favor. *See Royal Oil Co., Inc. v. Wells*, 500 So. 2d 439 (Miss. 1986); *McLaurin v. Werner*, 909 F. Supp. 447 (S.D. Miss. 1995); *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968 (Miss. 2001); *Pugh v. Easterling*, 367 So. 2d 935 (Miss. 1979); *Priest v. Avent*, 236 Miss. 202, 109 So. 2d 643 (1959); *Lochridge v. Pioneer Health Services*

*of Monroe County, Inc.*, 86 So. 3d 942 (Miss. Ct. App. 2012); *Mississippi Gaming Com'n v. Baker*, 755 So. 2d 1129 (Miss. Ct. App. 1999); *Hyer v. Caruso*, 102 So. 3d 1232 (Miss. Ct. App. 2012).

The most closely analogous case here brought forth by the Defendants is *Scribner v. Dillard*, 269 F. Supp. 2d 716, 720 (N.D. Miss. 2003). The Plaintiff in *Scribner* offered a guilty plea to the Circuit Court and requested that the Court withhold acceptance of his plea pursuant to MISS. CODE ANN. §99-15-26(1) which empowers courts to withhold acceptance of certain pleas, and to later expunge a defendant's record, if the defendant completes certain requirements, i.e. community service, payment of restitution, etc. *Id*. In that case, the Circuit Court withheld acceptance of the plea until the defendant complied with the requirements and then expunged his record. *See id*. After that plaintiff later brought a malicious prosecution claim in Federal District Court, the District Court held that the expungement did not qualify as a termination in that plaintiff's favor for purposes of pursuing a malicious prosecution claim. *See id*. The District Court reasoned "The Mississippi statute at issue does not invalidate the guilty plea, rather it permits the accused's records to be expunged if he acts favorably and complies with certain conditions." *Id*.

The instant case presents a slightly different, and arguably less favorable for the Plaintiff, circumstance. In the instant case, the Plaintiff's guilty plea was not withheld but instead, it appears from the undisputed evidence in the record that a guilty plea was entered, he paid the required penalty, and his case was finally adjudicated. Based on the above precedents and the record in this case, the Court finds that the later expungement of the Plaintiff's criminal record is not a termination in his favor as contemplated by the elements of a malicious prosecution claim in Mississippi.[2] *Scribner*, 269 F. Supp. 2d at 720; *Joiner*, 684 So. 2d at 1244. Because the Plaintiff's

---

[2] The Court would not hold differently even if the Plaintiff's expungement was ordered under MISS. CODE ANN. §99-15-26(5) which provides "Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case." Even under this subsection, the underlying event making expungement available, dismissal,

6

expungement does not constitute a termination in his favor, he is unable to establish the existence of an element essential to his claim upon which he will bear the burden of proof at trial, and the Plaintiff's malicious prosecution claim is therefore dismissed with prejudice. *Id*; *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.

*Conclusion*

For all of the reasons discussed above, the Defendants' Motion for Summary Judgment [9] is GRANTED. The Plaintiff's intentional infliction of emotional distress, abuse of process, and malicious prosecution claims are dismissed with prejudice. All of the Plaintiff's other claims will proceed.

It is SO ORDERED on this the 1st day of August, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

charges dropped, would be the termination in the plaintiff's favor triggering the start of the statute of limitations for a malicious prosecution claim, not the expungement itself.